IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr245

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>JATONN CARELOCK )<br>)<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon the pro se motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 27),[1] and the government's response (Doc. No. 33). The Court held an evidentiary hearing on June 7, 2010.

The defendant pled guilty to possessing cocaine base with intent to distribute. (Doc. No. 25: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine reasonably foreseeable to the defendant was 89 grams. (Doc. No. 26: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 12). The resulting offense level of 32 was increased by 2 for obstruction of justice (PSR at ¶¶ 19, 23), and reduced by 3 for acceptance of responsibility (PSR at ¶ 26). Combined with a criminal history category of III, the resulting advisory guideline range was 135-168 months. (Doc. No. 26: SOR at 1). Prior to the sentencing hearing, the government withdrew its 21 U.S.C. § 851 notice and during the hearing moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 23: Motion; Doc. No. 36: Tr. at 10). After granting the motion, the Court sentenced the defendant to 96

---

[1] The first attorney appointed on this issue filed a notice that, in her opinion, the defendant was not eligible for a sentence reduction. (Doc. No. 32). Both the United States Probation Office and the government recognized that the defendant was eligible. (Doc. Nos. 29, 33).

months' imprisonment, which was 71% of the low end of the range. (Doc. No. 25: Judgment at 2).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 27). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. If the defendant originally received a sentence less than the guideline range in effect at that time, a comparably lesser sentence may be imposed upon resentencing. USSG §1B1.10(b)(2)(B) and cmt. n.3.

The amended offense level for possessing at least 50 grams of cocaine base is 30. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 2 levels for obstruction and the subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 29. The amended guideline range, given a criminal history category of III, is 108-135 months.[2] Applying the comparable reduction for substantial assistance to the low end of that range yields a 77-month sentence. However, the government opposes any reduction based on the circumstances of the offense and alleged post-sentence conduct. (Doc. No. 33: Response at ¶ 4).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would

---

[2] The government asserts that the revised guideline range is 120-135 months, based on the application of a 10-year mandatory minimum. (Doc. No. 33: Response at ¶ 8). Because the government withdrew its § 851 notice prior to sentencing, the defendant was only subject to a 5-year mandatory minimum, as the government stated at the original sentencing hearing. (Doc. No. 23: Motion; Doc. No. 36: Tr. at 5). Therefore, USSG §5G1.1 does not apply because the revised guideline range is higher than the mandatory minimum sentence the defendant faced prior to considerations of departure.

accomplish the goals of sentencing. Although the defendant committed a significant infraction while incarcerated, the Bureau of Prisons addressed that conduct through administrative penalties.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 77 months' imprisonment.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed remain unchanged.

**IT IS FURTHER ORDERED** that the United States Marshals Service return the defendant to the place of his confinement for the continued service of his sentence.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: July 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge